FRANK B. EATON, RELATOR, v. TOWN OF MONTCLAIR
AND WILLIAM H. SENIOR, BUILDING INSPECTOR OF
THE TOWN OF MONTCLAIR, DEFENDANTS.

Argued January 21, 1926—Decided May 4, 1926—Filed May
19, 1926.

**Zoning—Stores in Restricted Territory—Property in Question
to be Taken Over by Municipality, but Condemnation Pro-
ceedings Not Yet Begun—Right to Build Turns on Decision
in Ignaciunas v. Risley—Alleged That Building, as Planned,
Would be a Menace to Travelers Because of Obstruction
of View, it Being Regarded as an Unreasonably Dangerous
Corner—To Prohibit the Use of the Property on This Ground
Would Not be for the Safety of Entire Public, but Merely
for Particular Users of the Highway—Relator Entitled to
Have a Decision on His Application for Building Permit De-
cided Before Condemnation Takes Place.**

On rule to show cause why a peremptory or alternative
writ of *mandamus* should not issue.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the relator, *Howe & Davis* (*Edward L. Davis,* of coun-
sel).

For the defendants, *George R. Beach* and *Arthur H.
Bissell.*

PER CURIAM.

This case is before this court upon a rule to show cause
why a peremptory or alternative writ of *mandamus* should
not issue to command the town of Montclair and William H.
Senior, its building inspector, to issue a permit to Frank B.
Eaton, relator, for the erection of a row of four retail stores
on property owned by the relator in the town of Montclair.
The property upon which the relator desires to erect the
stores is a tract of land located at the northeast corner of
Valley road and Brookfield road.

The case is submitted upon an agreed state of facts. From these facts it appears that on October 16th, 1925, the relator applied to the said building inspector for a permit to erect the building, and at the same time submitted plans and specifications and tendered the requisite fees. The permit was refused on the ground that to issue a permit would be in violation of the terms of the zoning ordinance of Montclair. The town of Montclair has a board of adjustment. The relator applied to the board of adjustment. The board of adjustment adjourned the hearing on the application from November 5th, 1925, to December 10th, 1925. No final decision has ever been made. On December 8th, 1925, the board of commissioners of Montclair passed an ordinance providing for the taking of the relator's property for plazas or public places open for public travel. The ordinance appropriated the sum of $20,000 for this purpose. The town of Montclair intends, it is argued, to acquire the property. The fact that an ordinance has been passed for the acquisition of the property seems to us to be no bar to the consideration of the present case, for the town of Montclair has not as yet begun condemnation proceedings.

The lot of the relator has a frontage on Valley road of seventy-one feet plus, and a depth on Brookfield road of one hundred and two feet. Valley road is a main thoroughfare. It has a trolley line on it. Brookfield road joins Valley road just a little north of the point where the Erie railroad crosses Valley road upon a bridge. The lot is located in what is known as the two-family semi-detached house zone. Upon the question as to the location of a store in a residential zone the case of *Ignaciunas* v. *Risley,* 98 *N. J. L.* 712; *affirmed,* 99 *Id.* 392, controls the present case.

The respondents further contend that the erection on the street line of a store building upon the relator's premises will constitute a menace to the safety and general welfare of the people of the town of Montclair. It is argued that this corner is an unusually dangerous one; that on one side is the high bank of the railroad, and if a store be permitted to be erected on the opposite corner there will be no oppor-

tunity for a view in either direction. It is said that this situation is a menace to the safety of the users of the highway, and for this reason it is justifiable to withhold the building permit. In other words, the respondents contend that if one owns a piece of property at the junction of two roads that, for the safety of the public, the owner should not be permitted to erect a building thereon, because the erection of such a building would tend to obscure the view of the highway other than the highway upon which one is at the time traveling. It is insisted that this is a proper exercise of the police power. If this view were adopted it would result in the owner of a tract of land, presumably worth about $20,000, being unable to derive any revenue from it, for one kind of a building would be as much of an obstruction of the view as any other. The only thing which the owner would, under such circumstances, derive from the ownership of the land, would be the privilege of paying taxes and assessments thereon. We think this is not what is intended under the statute as in the interest of the safety of the public. This prohibition relative to the use of the property would not be for the safety of the entire public. It would be merely for the safety of the particular members of the public using the highway.

It is contended in the third place by the respondents that the discretion of this court, in awarding a writ of *mandamus*, should be exercised in favor of the town of Montclair, by withholding the writ because of the action of the town in seeking to take the property of the relator by condemnation. We cannot see why the relator should await the convenience of the town of Montclair in proceeding with the condemnation proceedings. His taxes upon the property are running on, as also the losses which he is incurring by reason of the lack of revenue-producing improvement upon the property upon which he is desirous of building. Moreover, as his right to build upon the property is questioned, he is entitled to a decision on this question, as it may have some bearing upon the value of the property if it be condemned.

A peremptory writ of *mandamus* is awarded.